IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al*[1].<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, Successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.,*<br><br>Plaintiff,<br><br>v.<br><br>RICHARD E. ATTIG; STEPHANIE L ATTIG,<br><br>Defendants. | Adv. Proc. No. 19 - 50325 |

## ANSWER TO ADVERSARY COMPLAINT

COMES NOW, Richard E. Attig and Stephanie L. Attig ( "Defendants"), by and through undersigned counsel, and answers the Adversary Complaint dated August 27, 2019 (the "Complaint"), and filed by Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Plaintiff") for the jointly administered estates of Woodbridge Group of Companies, LLC *et al.* (the "Debtor" or "Woodbridge"), as follows:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423

## NATURE OF THE ACTION

1. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore deny the same.

## THE PARTIES

2. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Admitted, except as to the legal term "Investors", which is a legal conclusion.

## JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations and demand strict proof thereof.

5. The allegations set forth in Paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations and demand strict proof thereof.

6. Defendants do not consent to the entry of final orders or judgment by the Bankruptcy Court.

7. The allegations set forth in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations and demand strict proof thereof. However, the Defendants do not dispute the venue for this proceeding.

8. The allegations set forth in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations and demand strict proof thereof.

## CASE BACKGROUND

9. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

## FACTS

11. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore deny the same.

15. The allegations set forth in Paragraph 15 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations and demand strict proof thereof.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint and demand strict proof thereof.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint and demand strict proof thereof.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint and demand strict proof thereof.

### FIRST CLAIM FOR RELIEF

#### (Avoidance of Preferential Transfers – 11 U.S.C. §547)

20. Defendants reincorporate their answers as set forth in the above Paragraphs 1-19 as though set fully forth herein.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint and demand strict proof thereof.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint and demand strict proof thereof.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint and demand strict proof thereof.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint and demand strict proof thereof.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint and demand strict proof thereof.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint and demand strict proof thereof.

## SECOND CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. § 550)**

30. Defendants reincorporate their answers as set forth in the above Paragraphs 1-29 as though set fully forth herein.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint and demand strict proof thereof.

## THIRD CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544 (b) and 548(a)(1)(A), and Cal. Civ. Code §3439, *et seq.*)**

34. Defendants reincorporate their answers as set forth in the above Paragraphs 1-33 as though set fully forth herein.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint and demand strict proof thereof.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint and demand strict proof thereof.

## FOURTH CLAIM FOR RELIEF

**(Recover of Property – 11 U.S.C. §§ 544(b) and 550 and Cal Civ. Code §3439, *et seq.*)**

37. Defendants reincorporate their answers as set forth in the above Paragraphs 1-36 as though set fully forth herein.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint and demand strict proof thereof.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint and demand strict proof thereof.

## DEFENDANT'S AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

Defendants reserve the right to assert all applicable defenses to the claims asserted in the Complaint. As Defendants have not yet obtained discovery from Plaintiff or third parties, Defendants reserve the right to amend or otherwise supplement this answer, including the defenses set forth herein, as may be appropriate. Without limiting the generality of the foregoing, and without regard as to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c) and Fed. R. Bankr. P. 7008, and without conceding that any such defenses must be set forth in this Answer, Defendants asserts the following:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

## SECOND DEFENSE

Plaintiff cannot recover to the extent claims are barred by the applicable statutes of limitation and/or the doctrine of laches.

## THIRD DEFENSE

Under 11 U.S.C. § 547 (c)(1), Plaintiff cannot avoid any transfer to the extent such transfer was intended by the debtor and Defendants to be a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange.

## FOURTH DEFENSE

Under 11 U.S.C. § 547 (c)(2), Plaintiff cannot avoid any transfer to the extent such transfer was in payment of a debt(s) incurred by the debtor in the ordinary course of business or financial affairs of the debtor and Defendants, and such transfer was (i) made in the ordinary course of business or financial affairs of the debtor and Defendants and/or (ii) made according to ordinary business terms.

## FIFTH DEFENSE

Under 11 U.S.C. § 547 (c)(4), Plaintiff cannot avoid any transfer to the extent Defendants gave new value to or for the benefit of the debtor after such transfer (i) which was not secured by an otherwise unavoidable security interest; and (ii) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendants.

## SIXTH DEFENSE

To the extent any transfer or portion thereof was property of any person or entity other than the debtor, such transfer or portion thereof cannot be avoided by the Plaintiff in this action.

## SEVENTH DEFENSE

To the extent any transfer sought to be recovered by Plaintiff was made when the debtor was solvent, such payment is not avoidable.

## EIGHT DEFENSE

Any prepetition transfer was made in exchange for reasonably equivalent value.

## NINTH DEFENSE

Defendants assert all defenses available under 11 U.S.C. § 550, including without limitation all defenses available under 11 U.S.C. §§ 550(b)(1) and (b)(2).

## TENTH DEFENSE

Plaintiff is not entitled to prejudgment or post-judgment interest or attorneys' fees and costs.

**WHEREFORE**, the Defendants, Richard E. Attig and Stephanie L. Attig, respectfully request that this Court find that no preferential payments were made by Debtor to the Defendants, that judgment be entered in favor of the Defendants and against the Plaintiff on all counts of the Complaint, and that the Defendants be awarded their costs and expenses, including attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated: October 18, 2019

Respectfully submitted:

*/s/ Brian S. Sullivan*
Brian A. Sullivan, Esq. (#2098)
Werb & Sullivan
1225 N. King Street
Suite 600
Wilmington, DE 19801
Tel:  302.652.1100
Fax:  302.652.1111
bsullivan@werbsullivan.com

*Counsel for Defendants Richard and Stephanie Attig*